UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EDMUND HUDMOND SMITH, IV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00071-WTL-DLP |
| | ) | |
| J. E. KRUEGER Warden, | ) | |
| ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PENDING MOTIONS, DENYING CERTIFICATE OF APPEALABILITY, AND DIRECTING ENTRY OF FINAL JUDGMENT**

**I. § 2254 Petition**

Petitioner Edmund Hudmond Smith, IV filed a petition for a writ of habeas corpus challenging his 2008 state court conviction and sentence for possessing and having under his control a pistol in Mobile County, Alabama Circuit Court CC 2007-3375. He is currently incarcerated in the U.S. Penitentiary at Terre Haute, Indiana, serving a sentence imposed as a result of a federal conviction.

The respondent Attorney General of the State of Alabama has filed a response alleging that his petition should be dismissed because he is not "in custody" pursuant to his Alabama state conviction, his petition is untimely, he failed to exhaust his claims in state courts, and in any event his claims lack merit. Dkt. No. 21. The respondent J.E. Krueger, Warden of Terre Haute U.S. Penitentiary, has filed a response stating that he "played no part in the challenged proceedings in the state court and therefore has taken no position regarding whether Smith's claims challenging

his state conviction have been properly raised in his petition, or the validity of his claims." Dkt. No. 40.

On August 24, 2007, Mr. Smith was indicted for the offense of possession of a handgun while being a certain person prohibited from such possession. Dkt. No. 21-1. He pleaded guilty to this offense on February 13, 2008. Dkt. No. 21-2. He was sentenced to six months' confinement and was given jail credit for six months and five days of pretrial detention. Mr. Smith was discharged from custody after he pleaded guilty and received the sentence.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). The Supreme Court has repeatedly held that a habeas petition is not "in custody" under a conviction after the sentence imposed for it has fully expired even if that conviction may later be used to enhance the sentences of subsequent convictions. *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001) (citing *Maleng*). "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Maleng*, 490 U.S. at 493.

Here, Mr. Smith was released from the Alabama Department of Corrections' custody over ten years ago and the Court can no longer affect the duration of his custody. Mr. Smith does not

2

dispute that his sentence for the handgun conviction is fully expired. *See* Dkt. No. 31. Accordingly, the petitioner's habeas action challenging his 2008 Alabama conviction is moot. *See White*, 266 F.3d at 763. An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Even if Mr. Smith remained "in custody" pursuant to his 2008 Alabama conviction, his petition is untimely. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

Mr. Smith was sentenced on February 13, 2008, and his sentence was entered into the case action summary on February 15, 2008. He did not appeal his conviction or sentence. Mr. Smith's conviction and sentence therefore became final when the time to file an appeal expired on March 28, 2008. 28 U.S.C. § 2244(d)(1)(A); Ala. R. App. P. 4(b)(1) ("the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from…"). Any petition for a writ of habeas corpus, therefore, was due one year later, on March 28, 2009. Although a pending petition for post-conviction relief may toll the statute of limitations, Mr. Smith failed to file a petition for post-conviction relief until October 2010, more than a year after the AEDPA statute of limitations expired. His petition for post-conviction relief therefore does not toll the statute of limitations because that time period had already expired. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir.

2004).

Mr. Smith might be able to overcome the passage of the statute of limitations if he can show that the deadline should be equitably tolled. A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mr. Smith argues that the statute of limitations should not apply because his attorney improperly told him he did not need to attempt to appeal his conviction. Dkt. No. 31 at 9. He asserts that it was not until after 2009 that he was notified of any issue with his conviction, and not until late September or October 2010 that the federal court ruled on the issue in question. *Id.* Mr. Smith does not explain why he could not have pursued his rights in 2009 when he was first notified of any issue. Nor has Mr. Smith identified an "extraordinary" circumstance that stood in his way and prevented the timely filing of his petition for relief. Mr. Smith's habeas petition is untimely and he has shown no reason for its untimeliness.

In short, the petitioner's habeas action challenging his 2008 Alabama conviction is moot and dismissed for lack of jurisdiction.

## II.  Pending Motions

Mr. Smith's motion to present new evidence to the court, Dkt. No. 32, and motion response and affidavit, Dkt. No. 41, are **denied as unnecessary** in view of the Court's ruling. Mr. Smith's motion for summary judgment, Dkt. No. 35, is **denied** because Fed. R. Civ. P. 56 is inapplicable to this petition. Mr. Smith's motion for Court assistance, Dkt. No. 37, is **denied** because the relief he seeks is not available here in a habeas petition.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by lack of custody. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed for lack of jurisdiction**. Judgment consistent with this Order shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/15/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDMUND HUDMOND SMITH, IV
07241-059
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel